French *v.* Griffin.

The demurrer must be overruled with costs.*

---

### FRENCH *vs.* GRIFFIN.

1. A simple representation, at the time of sale, that a lot is valuable and eligible, is but the expression of an opinion, and is never regarded as a warranty.

2. A mortgage cannot be reformed upon a prayer in the answer to a bill to foreclose. It must be by cross-bill.

*Mr. Slape,* for complainant.

*Mr. S. A. Allen,* for defendant.

---

* Decree affirmed, 4 *C. E. Gr.* 457.

THE CHANCELLOR.

This suit is to foreclose a mortgage on lands in Salem. The defendant, in his answer, sets up two defences. The first is, that he was defrauded by the complainant in the purchase of the lot on which the mortgage was given, it being for part of the purchase money; that the complainant, in the sale, represented and warranted to him that the lot was worth three hundred and twenty dollars, and was in an eligible situation, when in fact it was not worth over one hundred and fifty dollars, and was in a very obscure and ineligible situation. The second is, that the complainant, at the giving of the mortgage, agreed to take payment in work and materials, to be furnished by the defendant in putting on slate roofs.

The proof is sufficient that the lot sold was not worth over one hundred and fifty or two hundred dollars, and that the situation was not among the most eligible in the town of Salem. But the proof of representations by the complainant on these matters is very meagre and unsatisfactory. Take it in the strongest view that can be taken of it for the defendant, it amounts to nothing more than *simplex commendatio*, a representation that the lot was a good and valuable one, which is the accompaniment of almost every sale, and has been from the time of Solomon until now. It is not intended or received as more than the expression of an opinion, and is never regarded as a warranty. There are few consideration money mortgages that could be collected without dispute and deduction, if courts were bound to reduce the value at which the seller estimated or represented the land sold, to the value that it was worth in the opinion of the court or the witnesses.

As to the agreement alleged to be made at the making of the mortgage, that it was to be paid in slate roofing, there is no proof. The defendant swears himself, that such agreement was not made then. The witness, Crane, says that complainant told him he was to take it out in roofing. This may

as well refer to an offer made some time after as to one at the giving of the mortgage. Rusling, who was by at the execution of the mortgage, and who drew both deed and mortgage, does not prove it. The only proof is that in the negotiations about the sale of another lot, there was an offer by complainant to take out one hundred dollars of the price in roofing. But that contract is by no part of the proof transferred to the bargain for this lot. If such a bargain had been made, either before or after the execution of the papers, it could not affect this case; if made before, it would be considered as changed and abandoned by the mortgage being given for payment in money, and not in work; if made afterwards, it could have no effect, because without consideration, and because the effect of a sealed instrument cannot, even in equity, be changed by a parol contract. If such bargain had been made at the time of the contract, it could not at law affect or change the written instrument. Nor could it have any effect in equity, except as giving a foundation to a suit to reform the instrument, and correct the mistake in drawing it. In this case there is no cross-bill, and the mortgage cannot be reformed upon a prayer in the answer to a bill to foreclose it. And were there a cross-bill, there is no proof that it was the agreement or intention of the parties to have the mortgage drawn differently from its present shape. The proof is that the defendant heard it read, understood its purport, and discussed the time of payment.

The complainant is entitled to a decree for the sale of the mortgaged premises, and to a reference to ascertain the amount due on the mortgage.